PETTIS COUNTY, Appellant, v. D. H. REAVIS.

**Division One, April 2, 1914.**

1. **EVIDENCE:  Survey.**  A survey made by a county surveyor is admissible as evidence, and, in a sense, presumptively correct, but it is not indisputable.  [Sec. 11301, R. S. 1909.]

2. **ABSTRACT:   Motion for New Trial:   Refused Instructions.**  Where appellant's brief complains of the refusal of a certain instruction, and the motion for a new trial complains only of the refusal of another instruction numbered 2 which does not appear in the abstract, the abstract showing, however, that instruction 2 was refused before the instruction complained of in the brief was offered, the propriety of the refusal of the latter instruction cannot be considered on appeal.

Appeal   from   Pettis   Circuit   Court.—*Hon.   Louis Hoffman,* Judge.

AFFIRMED.

*Sangree & Bohling* for appellant.

(1)   The county surveyor's survey was made according to law.  R. S. 1909, secs. 11313 and 11314.  His testimony made a complete case for plaintiff.  R. S. 1909, sec. 11301; Houx v. Batten, 68 Mo. 86; Carter v. Spracklin, 246 Mo. 116; State v. Guerusly, 9 Mo. App. 312.

*George F. Longan* for respondent.

BLAIR, C.—Ejectment for a strip of ground which may be described thus: Beginning six and two-thirds feet south of the section line and 1350½ feet west of the northeast corner of section 12, township 45, range 23, Pettis county; thence south 13 1-3 feet; thence west 2701 feet to a point 20 feet south of the northeast corner of N. W. of N. W. of section 12; thence easterly to the beginning.

There was evidence the parcel described was part of a strip forty feet wide, opened as a public road many years ago, and evidence to the contrary. Plaintiff depended principally upon the testimony of the county surveyor and a survey he had made of the parcel. Defendant offered evidence tending to show this survey was incorrect and that the surveyor had established the northeast corner of section 12 at a point different from that at which the government corner had been originally placed.

The errors assigned are the admission of the evidence to impeach the survey plaintiff offered and the refusal of an instruction asked by plaintiff.

Since this appeal was taken this court in Carter v. Spracklin, 246 Mo. l. c. 119-120, has carefully reconsidered the exact question presented by plaintiff's first and, we take it, principal assignment of error and reached a conclusion contrary to plaintiff's view. It is unnecessary to restate the reasons advanced in that case. That decision announced the correct doctrine. The survey made by the county surveyor was admissible and, in a sense, presumptively correct but was not indisputable. It did not conclude defendant.

*Evidence: Surveys: Sec. 11301.*

So far as concerns the refusal of the instruction mentioned in the brief, the motion for new trial does not complain of that ruling. There is a complaint in the motion of the refusal of "instruction number two" but none other.

*Refused Instructions.*

Instruction number two does not appear in the abstract and the abstract shows it was refused before the instruction complained of was offered. If the abstract is correct, and we must assume it is, the refusal of the instruction discussed in the brief cannot be considered.

The case seems to have been well tried and the jury settled the question of fact against plaintiff. The judgment is affirmed. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.